Mr. Justice Clayton
delivered the opinion of the court.
In 1840, Jeremiah Sanders, of Kemper county, died, leaving a last will and testament. This will was admitted to probate, and letters testamentary were granted, by the judge of probate in vacation, to Willis Sanders, the executor therein named, in November, 1840. The executor proceeded with the execution of the will, as if the probate had been rightfully made, until 1847. At the August term of the probate court, 1847, upon the application of the widow of said Sanders the testator, the probate so made was set aside, a re-probate was had, and another grant of letters testamentary. At least this is the state of facts, which the record appears to disclose, but it is made out very imperfectly and inartificially. Immediately after this re-probate, the widow renounced the provision made for her by the will, and filed a petition in which she claimed her dower and distributive share in the estate. No other person but the widow complained, and the whole object of the latter proceedings, seems to have been to enable her take this step. The probate court declared the first probate void, and made a decree in favor of the widow, and in conformity with the prayer of her petition.
It is certain that the original probate of this will in vacation was not valid. The power of the judge, out of court, was confined to receiving the will exhibited for probate, and did not extend to the probate itself. How. & Hutch. 404. But all parties interested acquiesced in the proceeding, as if it were *87 legal and valid. It is in proof, that as early as the year 1843, the widow became dissatisfied with the conduct of the executor, and consulted counsel to ascertain if she could break the will. For a time she expressed herself satisfied with the will, and received a support under it. This acquiescence continued for nearly seven years. Five years are allowed by statute, to persons interested in a will to contest its validity. How. & Hutch. 389; Hutch. 652. There is no express limitation as to the time, within which a probate may be contested, but we think an acquiescence of five years should bind all parties, who are under no disabilities ; otherwise they would have a greater latitude in contesting the probate, than the validity of the will. In this case, too, the acquiescence was accompanied with expressions of satisfaction with the will, and with acceptance of its provisions for a time.
Six months is the period allowed a widow, after the authentication or probate of a will, within which to renounce its provisions. The renunciation in this instance was more than six years after the first probate. True, the widow was not bound to elect until the authentication. But there was an attempted probate, deemed at the time to be legal. All parties acquiesced under it for years. Time the great destroyer, is likewise potent in aiding imperfect acts. Vigilance is necessary to secure the assistance of the law. It would be of dangerous consequence now to declare the whole proceedings under this probate void. Rights may have grown up under it, which have been perfected under the statute of limitations. We think the party is precluded by her long acquiescence.
The judgment of the probate court is therefore reversed, and the petition dismissed.